UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DEEP RIVER LANDING, LLC; LUKE GARDNER, *in personam,*<br><br>Defendants. | Case No.: 2:25-cv-620<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT |

Plaintiff, the United States of America, alleges upon information and belief as follows:

**GENERAL ALLEGATIONS**

1. This is a case of admiralty and maritime jurisdiction against Defendants DEEP RIVER LANDING, LLC AND LUKE GARDNER, *in personam*, as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States is authorized to bring this suit pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717.


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

3. The United States expressly reserves the right to amend this Complaint to include, *inter alia*, adding additional claims, damages, and additional parties.

4. Venue is properly in this Court pursuant to, *inter alia*, 28 U.S.C. § 1391 and 33 U.S.C. § 2717.

5. The United States also brings this action on behalf of the Oil Spill Liability Trust Fund, pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*., to recover any and all removal costs and damages incurred directly by the Fund, any removal costs and damages incurred by the Fund through compensation paid to any claimant, and all costs incurred by the Fund by reason of any such claims, including interest, prejudgment interest, adjudicative costs, and attorney's fees. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2712(f), the United States has acquired by subrogation, or may in the future acquire by subrogation, the rights of any claimant or State paid compensation from the Fund, and the United States specifically reserves the right to amend this Verified Complaint to assert any or all such subrogated rights and claims.

6. Defendant DEEP RIVER LANDING, LLC is a Washington State for-profit limited liability corporation incorporated under the laws of the State of Washington, UBI Number 604 039 662. At all material times DEEP RIVER LANDING, LLC had, and continues to have, a place of business within this district and within the jurisdiction of this Court.

7. At all material times herein defendant LUKE GARDNER had, and continues to have, a place of business and residence within this district and within the jurisdiction of this Court.

8. At all times material herein, defendant DEEP RIVER LANDING, LLC owned a certain unnamed barge, hereinafter DEEP RIVER BARGE.

//


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

9. At all times material herein the DEEP RIVER BARGE was moored on property owned by DEEP RIVER LANDING, LLC.

10. At all times material herein, defendant DEEP RIVER LANDING, LLC operated the DEEP RIVER BARGE.

11. At all times material herein, defendant DEEP RIVER LANDING, LLC managed the DEEP RIVER BARG.

12. At all times material herein, defendant DEEP RIVER LANDING, LLC controlled the DEEP RIVER BARGE.

13. At all times material herein, and by reason of the matters alleged in this Complaint, defendant DEEP RIVER LANDING, LLC is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701*, et seq*.

14. At all times material herein, defendant LUKE GARDNER ("GARDNER"), based on information and belief, owned the DEEP RIVER BARGE.

15. At all times material herein the DEEP RIVER BARGE was moored on property owned by LUKE GARDNER.

16. At all times material herein, defendant GARDNER, based on information and belief, operated the DEEP RIVER BARGE.

17. At all times material herein, defendant GARDNER, based on information and belief, managed the DEEP RIVER BARGE.

18. At all times material herein, defendant GARDNER, based on information and belief, controlled the DEEP RIVER BARGE.

19. At all times material herein, and by reason of the matters alleged in this Complaint, defendant GARDNER is a "responsible party" within the meaning of the Oil Pollution Act of 1990, 33 U.S.C. § 2701*, et seq*.

20. At all material times the DEEP RIVER BARGE was a vessel within the meaning of, inter alia, OPA, 33 U.S.C. § 2701(37).

21. At all times material herein, DEEP RIVER LANDING, LLC and LUKE GARDNER based on information and belief, were agents of each other and/or alter egos and are therefore responsible and liable, jointly, and severally, for all of each of the others' obligations, acts, omissions, and strict liability with respect to the matters alleged in this Complaint and action.

## INCIDENT AND REMOVAL ACTION

22. On November 4, 2021, the Washington State Department of Ecology ("Ecology") received a report from a local citizen stating that a barge appeared to be leaking an oily substance into Deep River, a tributary to the Lower Columbia River Estuary. The report stated the property where the barge was located was owned by Deep River Landing LLC, a local commercial fish buyer. At Ecology's request, Wahkiakum County investigators responded and found a black substance on blackberry bushes along the Deep River but no sheen.

23. The United States Coast Guard, Sector Columbia River Incident Management Division ("IMD") pollution responders were also dispatched to the scene and observed a sheen in the water. Responders later observed that at low tide the barge rested in the mud with oil discharging out of a hole in the bottom of the barge.

24. Because the owner of the barge was unknown at the time, the response was federalized and the IMD appointed a Federal On Site Coordinator ("FOSC"). As the FOSC, the


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

IMD accessed the Oil Spill Liability Trust Fund ("OSLTF") and hired Clean Harbors to remove the oil and eliminate the threat of future oil discharges.

25. The barge was constructed of steel and roughly rectangular with no rake on either end, measuring 40 feet in length by 14 feet in width. The vertical depth of the barge was between 5 to 6 feet. Clean Harbors contractors accessed bolt-down hatches on the barge and found two 15-foot by 14-foot compartments each containing eight to twelve inches of oil with two feet of water floating on top. The oil was identified as an emulsified mixture of diesel and lube oil. The volume of oil in the barge was initially estimated to be about 1,600 gallons.

26. By late December 2021, the barge had been removed from the water, the oil removed, and the barge dismantled. An estimated 3,231 gallons of oil were recovered from the barge with an estimated 36 gallons of oil had leaked into the Deep River.

27. The OSLTF incurred $1,221,178 in responding to, and remediating, the oil pollution incident directly attributed to the DEEP RIVER BARGE as set forth herein.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (OIL POLLUTION ACT OF 1990)**

28. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

29. Pursuant to the Oil Pollution Act of 1990, each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all costs, damages, and/or disbursements specified in the Act.

30. Under the circumstances herein, defendants DEEP RIVER LANDING, LLC and

LUKE GARDNER are liable to the United States of America for all such costs, damages, interest, and/or disbursements, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (OIL POLLUTION ACT OF 1990)**

31. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

32. Pursuant to the Oil Pollution Act of 1990, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

33. As a result of the OPA Incidents described herein, the Fund may incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought against it under the Oil Pollution Act of 1990.

34. Pursuant to the Oil Pollution Act, defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER are liable to the United States of America for all such costs, damages, and/or disbursements which may be sustained by the Fund, in addition to statutory attorneys' fees allowed under OPA, as a result of the matters alleged herein.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (OIL POLLUTION ACT OF 1990)**

35. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

36. Pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2717(f)(2), the United States is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

actions against defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER that said defendants are liable for removal costs and damages in any such subsequent action or actions associated with this incident.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (DECLARATORY JUDGEMENT)**

37. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

38. The United States may sustain "damages," as that term is defined in 33 U.S.C. § 2702(b)(2), for, inter alia, injuries to, destruction of, loss of, or loss of use of natural resources, damages for injury to real or personal property, loss of profits and earning capacity, loss of subsistence use, and net loss of taxes, royalties, rents, fees, and net profit shares due to the injury to, destruction of, and loss of real property, personal property, and natural resources.

39. An actual controversy exists between the United States and defendants herein.

40. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the OPA, 33 U.S.C. §§ 2702(a), 2704(c)(3), 2705, and 2717(f), the United States is entitled to, and hereby seeks, a declaratory judgment, that is binding in any subsequent action or actions against Defendants, that Defendants are liable for any removal costs or damages resulting from the oil discharge that are demonstrated in any such subsequent action or actions.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (28 U.S.C. § 3001, *et seq*.)**

41. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

42. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, in breach of law, including, but not limited to, in violation of the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., have, *inter alia*, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

43. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, in breach of law, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

44. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

45. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. As a result of the foregoing, defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER shall, pursuant to law and statute, be enjoined from further transferring, selling, spinning off, and assigning, or attempting to transfer, sell, spin off, and assign, their assets, including real property, so as to prejudice and cause irreparable harm to the United States.

//

//


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEEP RIVER LANDING, LLC AND LUKE GARDNER (PRIORITY OF GOVERNMENT CLAIMS, 31 U.S.C. § 3713)**

46. Plaintiff, United States of America, refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

47. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, in breach of law, have, instead of discharging debts owed to the United States, transferred, sold, spun off, and assigned assets so as to prejudice and cause irreparable harm to the United States.

48. Despite the liability, including strict liability, of defendants to the United States, all as alleged in this verified Complaint, on information and belief defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, in breach of law, including, but not limited to, may hereafter transfer, sell, spin off, and assign, or attempt to transfer, sell, spin off, and assign their assets, including proceeds of insurance, so as to prejudice and cause irreparable harm to the United States.

49. All such prior and future actions as alleged in the foregoing paragraphs have caused damages, and will cause damages, to the United States in an amount to be established according to proof at trial.

50. All such future actions as alleged in the foregoing paragraphs will continue to cause irreparable harm to the United States. Pursuant to law and statute, defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER and their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

authorization, are required to discharge their foregoing debt to the United States prior to discharging any other debt or payment.

51. To the extent that defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, have discharged claims or debts to any other person or entity other than the United States, or in the future discharge claims or debts to any person or entity other than the United States in contravention of, inter alia, 31 U.S.C. § 3713, defendants DEEP RIVER LANDING, LLC, and LUKE GARDNER, and/or their officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities acting on their behalf or with their authorization, are liable to the United States for the amount of any such payments.

52. With respect to any payments in contravention of 31 U.S.C. § 3713, and pursuant to 31 U.S.C. § 3713(b), any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities making such payments are personally liable to the United States for the amount of any such payments.

53. The United States reserves the right to amend this Complaint to add additional claims, causes of action, and parties, including, but not limited to, in their individual capacity, any and all officers, servants, employees, representatives, agents, fiduciaries, or other individuals and entities who, in contravention of 31 U.S.C. § 3713(a) and (b), have already discharged, or in the future discharge, claims or debts to any person or entity other than the United States.

**WHEREFORE**, the United States of America prays as follows:

1. That United States of America be granted judgment against DEEP RIVER


U.S. Department of Justice
Torts Branch, Civil Division
450 Golden Gate Avenue, P.O. Box 36028
San Francisco, CA 94102
(415) 436-6638

LANDING, LLC, and LUKE GARDNER *in personam*, pursuant to the Complaint of the United States herein;

2. That the United States of America be granted declaratory judgment against DEEP RIVER LANDING, LLC, and LUKE GARDNER *in personam*, for removal costs or damages binding on any subsequent action or actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorneys' fees;

3. The United States expressly reserves the right to amend this complaint to add parties and/or causes of action, as may be necessary;

4. For such other relief as the Court deems just and proper in the premises.

Dated: April 7, 2025


TEAL LUTHY MILLER
Acting United States Attorney
REBECCA COHEN
Assistant United States Attorney
Chief, Civil Division

YAAKOV M. ROTH
Acting Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge

s/ SUSAN F. SHAPIRO
SUSAN F. SHAPIRO
Trial Attorney
West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

Of Counsel
David Dubay
National Pollution Funds Center
United States Coast Guard

Attorneys for Plaintiff
United States of America

## VERIFICATION

Susan F. Shapiro says:

I am one of the attorneys for plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: April 7, 2025

s/Susan F. Shapiro
SUSAN F. SHAPIRO